UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GARDEN CITY BOXING CLUB, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-03-2734** |
| | § | |
| **RAMIRO BELTRAN, Individually and** | § | |
| **doing business as LOS DOS LAREDOS,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

Pending before the Court is Plaintiff Garden City Boxing Club, Inc.'s ("Garden City") request for entry of default (Dkt # 18) and motion for final default judgment against Defendant Ramiro Beltran, individually and d/b/a Los Dos Laredos ("Beltran") (Dkt. # 15). Both the request for entry of default and the motion for final default judgment were served on Defendant via certified mail, return receipt requested on or about January 13, 2005. Under the Local Rules, Defendant, therefore, had until February 7, 2005 to respond to the request and motion. To date, Defendant has not filed a responsive pleading. The Court, having considered the request for entry of default and the motion for final default judgment, is of the opinion that both should be GRANTED.

**Factual and Procedural Background**

The Plaintiff, Garden City Boxing Club, Inc., is a broadcast licensee who had the right to exhibit the championship boxing match between Marco Antonio Barrera and Erik Morales broadcast on June 22, 2002. The program was exhibited, distributed, and transmitted to private residential cable subscribers on a pay-per-view basis. Commercial customers could receive and broadcast the program only through contracts with the Plaintiff. After receiving sublicense fees, the Plaintiff provided these customers with electronic decoding equipment and the necessary satellite coordinates

to receive the signal. The commercial customers also were required to charge their patrons an admission fee for attending the exhibition of the program.

The Defendant, Ramiro Beltran, is the owner and operator of Los Dos Laredos, a commercial establishment located in Baytown, Texas. The complaint alleges that the Defendant unlawfully intercepted the Plaintiff's signal and exhibited the Barrera/Morales fight to customers in his establishment without having paid the required fees. It claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections.

The Plaintiff seeks damages for violations of the Act pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii). Because the Court grants a default judgment with respect to the Defendant's liability under § 605, the Court will not consider damages under § 553, even though the complaint alleges violations of § 553. As the Court has discussed in previous cases, it is not clear that damages resulting from one unlawful act of cable or satellite "piracy" are recoverable under both § 553 and § 605. *See, e.g., Joe Hand Promotions, Inc. v. Solano*, C.A. No. H-99-2021, slip op. at 2-3 (S.D. Tex. Sept. 22, 2000); *Joe Hand Promotions, Inc. v. Huerta*, C.A. No. H-98-1056, slip op. at 3-5 (S.D. Tex. Sept. 22, 1999). Additionally, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553. *See, e.g., Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996); *Kingvision Pay Per View, Ltd. v. Corp*, 1996 WL 496600, at *3 (N.D. Ill.); *Cablevision v. Maxie's North Shore Deli Corp.*, 1991 WL 58350, at *2 (E.D.N.Y.). *But see Top Rank, Inc. v. Fiesta Restaurant Sys., Inc.*, 1996 WL 738325, at *1 (S.D.N.Y.). Therefore, the Court will calculate the Plaintiff's damages based upon the Defendant's liability for violating § 605(a). Judgment will be entered against the Defendant for damages and attorneys' fees calculated pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii).

If the aggrieved party elects to take statutory damages as opposed to actual damages for violations of § 605(a), § 605(e)(3)(C)(i)(II) provides that "the person aggrieved may recover an award of statutory damages for each violation of subsection (a) . . . in a sum of not less than $1,000, or more than $10,000, as the court considers just . . . ." Pursuant to this section, the Plaintiff has requested statutory damages in the amount of $10,000.00 against the Defendant. The Court finds this amount of damages excessive, particularly in light of the number of people in the establishment during the exhibition.[1] The Court therefore awards $7,500.00 in statutory damages to the Plaintiff for the Defendant's violation of § 605(a).

The Plaintiff also seeks an increase in damages pursuant to § 605(e)(3)(C)(ii) for the willful violation of § 605(a) "for purposes of direct or indirect commercial advantage." Because the Defendant has not contested the allegations of willfulness, and default judgment has been granted, the Court considers the Defendant's actions to be willful and for the purpose of commercial advantage. *See Time Warner Cable of New York City v. Olmo*, 977 F. Supp. 585, 587-90 (E.D.N.Y. 1997) (awarding an increase in damages because "once a default judgment is entered, a defendant is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability."); *see also Joe Hand Promotions, Inc. v. Pete*, 1999 WL 638215, at *1(N.D. Cal.); *Joe Hand Promotions, Inc. v. 4300, Inc.*, 1995 WL 115405, at *1 (E.D. Pa.).

The Plaintiff requests that the Court increase damages by $50,000.00. The Court finds the requested increase to be inappropriate under the circumstances. Because the Defendant is considered to have admitted willfulness, and to deter future violations of §605(a), however, the Court will increase the statutory damage amount for violating § 605(a) by $7,500.00. *See Cablevision Sys. of*

---

[1] The Plaintiff's investigator indicated that he observed 28 patrons in the establishment on the night of the fight. *See Plaintiff's Appendix to the Motion for Final Default Judgment*, Ex. A-2.

3

*New York City Corp. v. Faschitti*, 38 U.S.P.Q.2d 1156, 1158-59 (S.D.N.Y. 1996) (increasing a statutory damages award to deter future violations).

Under the Act, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks an award of a one-third contingency fee as attorney's fees in this case. In the alternative, Plaintiff seeks $1,500 based on the number of hours expended multiplied by a reasonable hourly rate. The Plaintiff has submitted the affidavit of its attorney, Andrew "Gator" Korn, which indicates that Plaintiff's attorneys reasonably expended six (6) hours during this litigation and that a reasonable hourly rate is $250. Applying a reasonable hourly rate of $250 based on the evidence submitted, the Court concludes that $1,500 is an appropriate award of attorneys' fees in this case. The Court finds this amount to be reasonable and orders the Defendant to pay the Plaintiff $1,500.00 in attorneys' fees.

## Conclusion

For the foregoing reasons, the Court GRANTS the Plaintiff's motion for default judgment. The Court will enter a final judgment on even date herewith.

It is so ORDERED.

Signed this 11th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE